## NASHUA LOCK CO. *v.* NORWICH LOCK MANUF'G CO.

(*Circuit Court, D. Connecticut.* September 2, 1887.)

PATENTS FOR INVENTIONS—INFRINGEMENT.

In letters patent No. 327,820, issued to Emery Parker, October 6, 1885, for an improved door-knob attachment, each knob had an independent shaft. One shaft, at its free end, had a shoulder, and was inserted in a hollow shank on the other shaft, conforming in shape to the spindle, except that on one side was an enlargement to allow the insertion of the spindle obliquely past a pin projecting inwardly from the side of the shank opposite the enlargement. The pin interlocked with the shoulder on elevating the knob. In letters patent No. 318,684, granted to Charles H. Beebe, May 26, 1885, the spindle, which at one or both ends was provided with a locking hook, was inserted in the knob-neck, one side of which was enlarged so as to allow the spindle to pass a locking-hook on the enlarged side of the neck. Elevation of the knob interlocked the hooks. *Held,* in view of the state of the art, that the Parker patent is limited to a device in which the enlargement is opposite the pin, and that the Beebe patent is no infringement.

*Wm. Edgar Simonds,* for plaintiff.
*Charles E. Mitchell,* for defendant.

SHIPMAN, J. This is a bill in equity based upon the alleged infringement of the first, second, third, and fifth claims of letters patent No. 327,820, issued to Emery Parker, October 6, 1885, for an improved door-knob attachment. The defendant manufactures door-knobs under letters patent No. 318,684, granted to Charles H. Beebe, May 26, 1885. The old form of connecting door-knobs to each other was by fastening the two knob shanks to the connecting spindle by side screws. Letters patent were issued December 12, 1882, to Milton C. Niles, for door-knob shanks, which were connected together upon a new principle. The shaft upon which the two knobs were mounted was divided into two parts. An aperture was made in the side of one of the shanks, which was a tubular one; the inner end of the opposite shank was made a little smaller than its fellow, so that it would enter the latter, and was provided with a short pin adapted to enter the aperture. Preferably, the end of the shank which contained the lug was oval shaped, so that it could be inserted, when held at an angle, into the other shank far enough to permit the pin to enter the aperture, and then could be brought into line with its fellow. The specification also says, and a drawing shows, that that side of the shank which is opposite the pin could also be cut down slightly, so as to present the appearance of a rabbet, leaving enough of the shank to enter and hold in the end of the opposite shank when the pin engages in the aperture. This was the better method of uniting the two shanks. The specification also shows that, for additional security, another lug could be made on the outside of one shank, which would enter into a corresponding notch on the edge of the inner end of the other shank. The principle of the device was that each knob had an independent shaft or spindle, and that the two shafts were fastened together by means of a lug upon one end of one shaft, interlocking

with an aperture or shoulder upon the end of the other shaft, the smaller shaft entering the larger one when inserted angularly.

The specification of the Parker patent describes the construction of so much of his device as is involved in the present controversy, as follows:

"The knob, $b$, is fast to one end of the spindle, and may be made integral with it, if desired, and the opposite end of the spindle preferably has on one edge a bevel, $a^1$, and also near this end one or more openings, $a^2$, that may be holes drilled through the spindle, as shown, or mere indentations made in any convenient way, so long as each affords a shoulder that serves as a means of engaging a lug on the shank of the other knob. This latter knob, $c$, has a hollow shank, $d$, the central opening, $d^1$, in which conforms to the spindle in outline and size in cross-section, except at the end of the shank, where the opening has an enlargement, $d^2$, on one side. On the side of the opening, within the shank, and opposite the enlargement, $d^2$, an inward projecting pin, $d^3$, is secured or formed on the wall of the opening. In Figs. 1 and 2 the relative position of these parts is illustrated, and the method of attaching the knob, $c$, to the shank is as follows: The spindle having been thrust through the hub of a lock or latch from one side, the removable knob, $c$, is held in the oblique position indicated by the dotted outline, and placed upon the end of the spindle, the enlargement, $d^2$, affording the spindle room to enter past the pin, $d^3$, until opposite an opening, $a^2$, in the spindle, and into which the pin is slipped by moving the knob, $c$, until its axis is in line with that of the spindle. * * * In order to make a close fit between the parts, the inner end of the shank on the side opposite to that bearing the lug has a rounded surface, $d^4$, and the lug, $d^3$, is also slightly beveled on the back side, to enable the parts to more readily press each other, and come to a firm bearing."

The claims which are said to be infringed are as follows:

"(1) A knob with a connected spindle, the latter having near its free end an engaging shoulder or opening, in combination with a removable knob having a shank with a spindle-socket, and an inward projecting lug or pin within the socket, the latter having an enlargement opposite the lug, all substantially as described.

"(2) In combination with a knob and connected spindle having the engaging shoulder or opening, a removable knob having a shank with a spindle socket, a rounded end on the shank, an engaging lug within the socket, and an enlargement opposite the lug, all substantially as described.

"(3) In combination with a knob and connected spindle having the engaging shoulder or opening and a beveled end, a removable knob having a shank with a spindle-socket, an engaging lug within the socket, and an enlargement of the socket, all substantially as described."

"(5) In combination with a lock-hub, having a spindle hole, a spindle adapted to fit loosely within said hole, and bearing near its free end an engaging shoulder or opening, and a removable knob having a shank with a spindle-socket, and an engaging shoulder within the socket, whereby the said spindle and knob may be removably connected to each other, and the rose or like means for holding said knob and spindle in alignment with each other, all substantially as described."

The Parker device adopts the principle of the Niles attachment, and unites the two shafts by inserting the end of the spindle into the hollow shaft of the spindle-socket, one being held in an oblique position until the entrance is effected, and locks them together by the slipping of a pin in the spindle-socket into a corresponding opening in the spindle.

If any inventive genius was called into exercise in a modification of the mechanical means which employ the simple principle which Niles introduced, the patent for such modification must be strictly confined to those details of construction which were the result of invention. The Parker device was a more simple and economical one than the Niles attachment, but the only thing which could make it patentable was the method of construction of the hollow shank, by which the full-sized spindle was permitted easily to enter the shank, and pass beyond the pin in its side, and which consisted in the enlargement or cut-away portion at the end of the hollow shank opposite the pin. If the pin was to be in the hollow shank, there must naturally be an enlargement at the end of the opening, the only question being as to the place of the enlargement, so that it cannot be that the claims include any enlargement of the spindle. The Parker device required that the full-sized spindle should pass beyond the pin, and then be made to engage with it, and a cut-away portion of the shank opposite the pin was a convenient way of effecting the desired method of construction. The patent is limited to a device in which the enlargement is opposite the pin. The Beebe device is a simple one. Its spindle is provided at one or both ends with a locking hook, and its knob necks have at their free ends a locking hook, which, by elevating the knob end of said neck or necks is slipped over the spindle hook. The knob neck, on the side containing its locking hook, is enlarged, which enlargement permits the entrance of the spindle hook.

There is no infringement, and the bill is dismissed.